UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

H.E.D., INC., d/b/a SOUNDS )
AND GRAPHICS, )
 )
    **Plaintiff** )
 )
    v. ) 2:14 CV 311
 )
KONICA MINOLTA BUSINESS )
SOLUTIONS U.S.A., INC., *et al.*, )
 )
    **Defendants** )

## ORDER and OPINION

Count II of the complaint initiating this case concerns a contract between the plaintiff and defendant Konica Minolta Business Solutions U.S.A., Inc. ("KMBS"), for maintenance of a color digital printing press. That contract, attached to the complaint as Exhibit B, contains a choice-of-law and forum-selection clause at paragraph 20. The clause states:

> Applicable Law. This Agreement shall be governed by the laws of the State of New York without regard to choice of law principles. In the event of litigation or other proceedings by KMBS to enforce or defend any term or provision of this Agreement, Customer agrees to pay all costs and expenses incurred by KMBS, including but not limited to reasonable attorney's fees. Customer further agrees to litigate any dispute concerning this matter in the courts of the state of New Jersey, consents to jurisdiction in that forum and waives the right to jury trial.

(DE # 6 at 17.) KMBS (and a related defendant) have moved to dismiss Count II, arguing:

> In light of the agreed upon contract provisions set forth in Schedule A to the Service Contract (Exhibit B to the Complaint), pursuant to which the parties agreed to the forum where any dispute regarding or relating to the

> Service Contract must be litigated, this Court is without subject matter jurisdiction with respect to the dispute asserted in Count II of the Complaint, and according to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Count II of such Complaint should be dismissed and Konica so moves this Court. *See also Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, et al., 134 S. Ct. 568, 187 L. Ed. 2d 487 (U.S. 2013).

(DE # 23 at 2.)

This is a surprising argument, given that the case cited, *Atlantic Marine Construction*, involved a motion to dismiss for improper venue pursuant to Rule 12(b)(3), and because the subject-matter jurisdiction of the United States courts extends to all "Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2, cl. 2. In fact, KMBS admits that subject-matter jurisdiction exists by stating in its reply memorandum that its removal of this case from state court shows that:

> [T]his case could have been filed in federal court, had Plaintiff so chosen, and thus removal is appropriate. . . . All the Petition for Removal acknowledges is that, because diversity exists, this is a case where jurisdiction in the federal courts (albeit not just this one) is appropriate. All the Petition for Removal says is that federal court, in general, has original jurisdiction over this matter. Notwithstanding this, the fact remains that the allegations of Count II of the Complaint, based upon the agreement of Plaintiff set forth in the Maintenance Contract at issue in Count II of the Complaint, belongs in a federal court in New Jersey.

(DE # 30 at 2-3.) Saying that "jurisdiction in the federal courts" is "appropriate" admits that subject-matter jurisdiction exists: The scope of this court's subject-matter jurisdiction is the same as a federal district court sitting in New Jersey. The question of proper venue is entirely different.

Even if KMBS had moved to dismiss for improper venue pursuant to Rule 12(b)(3), the case it cites, *Atlantic Marine Construction*, holds that doing so would have been an incorrect method to enforce the forum-selection clause in the parties' contract:

> Atlantic Marine contends that a party may enforce a forum-selection clause by seeking dismissal of the suit under § 1406(a) and Rule 12(b)(3). We disagree. Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is "wrong" or "improper." Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and *those provisions say nothing about a forum-selection clause.*

*Atlantic Marine Construction*, 134 S. Ct. at 577 (emphasis added). *Atlantic Marine Construction* goes on to explain that whether venue is "wrong" or "improper" is delineated by 28 U.S.C. § 1391. *Id.* Here venue would be proper under that statute because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b)(2).

*Atlantic Marine Construction* also explains the method KMBS should have used to attempt to enforce the forum-selection clause in the parties' contract. "Although a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." *Atlantic Marine Construction*, 134 S. Ct. at 579. Here, KMBS has not moved for transfer. Consequently, the parties have not addressed the questions pertinent to the issue and the court will not consider whether a transfer would be appropriate.

As explained, dismissal of count II on the basis of either a lack of subject-matter jurisdiction or improper venue would be incorrect. Accordingly, KMBS's motion to dismiss (DE # 22) is **DENIED**.

**SO ORDERED.**

Date: September 26, 2016

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT