UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| H.E.D., INC., d/b/a SOUNDS AND GRAPHICS,<br>      Plaintiff,<br><br>      v.<br><br>KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC.; KONICA MINOLTA PREMIER FINANCE; and WILLIAM KOCHANNY,<br>      Defendants. | CAUSE NO. 2:14-CV-311-JTM-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Amended Complaint [DE 74], filed by Plaintiff on February 7, 2017. Plaintiff requests leave to file an amended complaint. Defendants filed a response on February 28, 2017, and Plaintiff filed a reply on March 7, 2017. On March 10, 2017, Defendants filed a Motion for Leave to File a Sur-Reply to Plaintiff's Motion for Leave to File Amended Complaint [DE 88], to which Plaintiff did not object within the time allowed. Upon review of the Motion for Leave to File a Sur-Reply and noting the lack of objection, the Court hereby **GRANTS** the Motion for Leave to File a Sur-Reply [DE 88] and considered the sur-reply in its analysis.

**I.    Background**

Plaintiff filed this contract dispute case in Indiana State Court on July 25, 2015, and Defendants later removed it to federal court on September 3, 2014. Plaintiff alleges, in relevant part, that it leased a printing press from Defendants Konica Minolta Business Solutions and Konica Minolta Premier Finance (collectively "Konica Minolta") in 2012. Plaintiff also alleges that the printing press later failed to perform as expected.

Plaintiff attached a four-page copy of the Premier Lease Agreement as Exhibit A to its

Complaint, stating that the exhibit was a "true and exact copy of [the] lease." Compl. at 2 [DE 6]. The bottom of the second page of the Agreement states, "See reverse side for additional terms and conditions." As the Agreement appears in the Complaint, the second page includes sixteen additional terms and conditions.

In the instant Motion for Leave to Amend, Plaintiff asserts that its owner, Henry Delbrey, discovered an original copy of the Agreement on February 2, 2017, while sorting through old files in his office. According to Mr. Delbrey's affidavit, the newfound original copy does not contain the sixteen additional terms and conditions included in Exhibit A to the Complaint. In light of this, Plaintiff seeks to amend its Complaint to include the original copy of the Agreement without the additional terms and conditions.

## II.     Amendment Deadline

In its Scheduling Order, the Court set the deadline for Plaintiff to amend its pleadings to March 13, 2015. Although it filed its Motion to Amend well after that deadline, Plaintiff provides no direct argument on why it should be extended.

Plaintiff does not address the untimeliness of its Motion and argues only that amendment is appropriate only under Federal Rule of Civil Procedure 15(a)(2), which provides that the Court "should freely give leave when justice so requires." However, when a party moves to amend its complaint after the amendment deadline set in a Rule 16 order, the Court first considers whether to extend the deadline under the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Id.* at 720 (citations omitted).

2

In this case, Mr. Delbrey's affidavit shows that he discovered the original Agreement – the one without the additional terms and conditions – in his office on February 2, 2017, five days before Plaintiff filed the instant Motion to Amend. According to Mr. Delbrey, the original Agreement was not in his file folders titled "Minolta" or "KM Capital," but in a miscellaneous folder. Mr. Delbrey explains, "Whenever I get a bill from a new company I create a folder for that company and put the folder in my filing cabinet." Affidavit at 1 [DE 74-1]. So, at the time he signed the Agreement, Mr. Delbrey apparently did not have a folder for Konica Minolta-related documents; he created that folder only after Konica Minolta sent him his first invoice under the contract. Mr. Delbrey says that he "must have placed . . . the original Premier Lease Agreement . . . into [his miscellaneous] folder" after signing it and never moved it to the Minolta or KM Capital folder.

These facts do not constitute good cause to extend the amendment deadline. Plaintiff did not act diligently – carefully, contentiously – to ensure that the appropriate documents were included with the Complaint before the time for amended expired two years ago. Mr. Delbrey knew his own business practices and methods for creating folders upon receiving an invoice. As a result, when gathering documents for this case, it was his responsibility to determine whether there were other documents related to this litigation in his files.

Furthermore, Plaintiff failed to conduct appropriate due diligence during discovery to confirm it was relying on an appropriate copy of the Agreement before the time for amendment expired. According to Mr. Delbrey, he signed two original copies of the Agreement, kept one, and gave one to Konica Minolta. Plaintiff could have – but apparently did not – asked Konica Minolta for its original copy during discovery to confirm that the copies matched.

More to the point, Mr. Delbrey says that the Agreement attached as Exhibit A to the

3

Complaint is a "photocopy" of the original Agreement. How a "photocopy" might include terms and conditions not in the original Agreement is not clear. To the contrary, Defendants say the additional terms and conditions were printed on the reverse side of the signed Agreement, consistent with the "See reverse side for additional terms and conditions" language. Defendants confirm that Exhibit A to the Complaint is accurate. Consequently, it appears Plaintiff's confusion over which pages were or were not part of the Agreement may have been the result of a copying error.

Accordingly, because Plaintiff fails to show good cause for extending the amendment deadline, the instant Motion is untimely and the Court will not consider its merits.

### III. Conclusion

For the foregoing reasons the Court **DENIES** Plaintiff's Motion for Leave to File Amended Complaint [DE 74].

SO ORDERED this 6th day of April, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record

4